UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-60690-CIV-COOK/TORRES

J. S.,

    Plaintiff,

vs.

PLAYA DEL SOL ASSOCIATION INC.,
MARGARET BAUMAN, and
ARTHUR LINDER,

    Defendants.

_____/

**PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

COMES NOW Plaintiff, J. S., by and through undersigned counsel, and hereby moves this court for permission to proceed anonymously with the use of her initials J.S., and in support thereof states as follows:

**INTRODUCTION**

This is a civil action brought pursuant to the Fair Housing Act (hereinafter "FHA"), 42 U.S.C. 3601, and the Florida Fair Housing Act, §760.20, *et seq*. (hereinafter "FFHA"), stemming from unlawful discrimination against Plaintiff, a person with disabilities, by PLAYA DEL SOL ASSOCIATION INC., MARGARET BAUMAN, and ARTHUR LINDER. PLAYA DEL SOL violated the FHA and FFHA by refusing to make reasonable accommodations to its rules, polices, practices, or services, when such an accommodation was necessary to afford Plaintiff an equal opportunity to use and enjoy her dwelling and by discriminating against her in the terms, conditions, and provisions of facilities in connection with Plaintiff's dwelling at PLAYA DEL SOL because of her disability. Further, PLAYA DEL SOL's handbook, given to prospective residences, indicates a preference that persons with disabilities who have assistance animals not reside at PLAYA DEL SOL, places illegal and discriminatory conditions on the use of assistance animals, and purports to condition receipt of an accommodation upon provision of medical information well beyond that which is required to legally verify a disability related

need. MARGARET BAUMAN and ARTHUR LINDER, by screaming insults at Plaintiff and demanding she get of the common elevator and take the service elevator, intentionally inflicted emotional distress upon Plaintiff and coerced, intimidated, threatened and interfered with Plaintiff in the exercise or enjoyment of her fair housing rights.

J.S.'s severe depression, anxiety, and Post-Traumatic Stress Disorder (PTSD) are essential elements of her claims against Defendants, and as such, prosecution of this suit has compelled Plaintiff to disclose information of the utmost intimacy regarding her mental impairments. Plaintiff filed this lawsuit using the her initials "J. S." because further disclosure of her name in its entirety could lead to stigmatization in the local community, affecting her relationships, and in turn exacerbate her disabilities. Plaintiff respectfully requests this Court to grant her Motion to Proceed Anonymously and provides the following memorandum of law in support thereof:

## I. LEGAL STANDARD

A party to a civil action, either defendant or plaintiff, "may use a pseudonym when the circumstances of the case justify such use." *James Doe v. Provident Life and Accident Insurance Company*, 176 F.R.D. 464, 466 (E.D.Pa. 1997). There is no language in the Federal Rules of Civil Procedure that would expressly prohibit designation of a party by her initials or a pseudonym, and courts in many jurisdictions have permitted use of only initials when equity so requires. Fed. R. Civ. P. 10(a).

Courts may permit a plaintiff to proceed under a pseudonym when highly sensitive and important privacy interests are at stake. *M.M. v. Zavaras*, 139 F.3d 798, 802-03 (10th Cir. 1998)(quoting *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)); *see also Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)("Divulging personal information of the utmost intimacy or having to admit an intent to engage in prohibited conduct are proper factors to consider when a plaintiff requests anonymity."). Many courts have recognized pseudonym use in mental health cases. *See Doe v. Colautti*, 592 F.2d 704, 705 (3rd Cir. 1979); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. Harris*, 495 F.Supp. 1161 (S.D.N.Y. 1980); *Doe v. Gallinot*, 486 F.Supp. 983 (C.D. Cal. 1979); *Doe v. New York Univ.*, 442 F.Supp. 522 (S.D.N.Y. 1978); *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006).

In mental health cases, the plaintiff's impairment is directly tied to the subject matter of the litigation. In those cases, the plaintiff's situation is analogous to a woman seeking an abortion or a homosexual fired from his job because of his sexual orientation. *See, e.g., Roe v. Wade,* 410 U.S. 113 (1973) (holding that a woman denied an abortion was entitled to proceed under pseudonym); *Doe v. Commonwealth's Attorney for City of Richmond*, 403 F.Supp. 1199 (E.D.Va.1975), aff'd, 425 U.S. 901 (1976) (permitting a homosexual to proceed under a pseudonym in challenging state sodomy law). Like those litigants, the plaintiff in a mental health suit is faced with circumstances that society may not yet understand or accept and the plaintiff's condition is directly tied to the issues before the Court. *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006).

## II. ARGUMENT

Courts have found that disclosing a mental illness involves matters of a highly sensitive and personal nature, which permits individuals to sue under fictitious names. *Doe v. Dechamps*, 64 F.R.D. 652, 653 (D. Mont.1974) (holding that "it is clear that a practice has developed permitting individuals to sue under fictitious names where the issues involved are matters of a sensitive and highly personal nature."); *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006) ("There is substantial public interest in ensuring that cases like the Plaintiff's are adjudicated and the rights of mental illness sufferers are represented fairly and without risk of stigmatization.") J.S.'s complaint is centralized on the fact that she is a disabled individual afforded protection under the Federal and Florida Fair Housing Acts. J.S. will be disclosing highly sensitive and personal information about her disabilities throughout the ensuing litigation.

Mental illnesses are still poorly understood and carry stigmas that, if her identity is made public knowledge, can potentially disrupt Plaintiff's relationships, make her vulnerable, and exacerbate her disabilities. Plaintiffs suffering from mental illness, such as J. S., should not be chilled from filing lawsuits to vindicate their rights based upon "fear of repercussions that would ensue if their conditions were made public." *Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545. Plaintiff J.S. herein is suing to vindicate her right to housing free of discrimination based on her disability, and requests that her identity remain anonymous so that she can have her day in court, but also maintain her daily living without fear that her disabilities are public knowledge.

The Court in *James Doe*, supra, found that although the issues in the case were of interest to the public, the use of a pseudonym will not interfere with the public's right or ability to follow the proceedings. 176 F.R.D. at 468. The same is true in the instant action. The public may be interested in this case's issue, but the use of a pseudonym will not interfere with the public's right or ability to follow the proceedings. While the public has an interest in knowing about the nature of the lawsuit as it proceeds, this interest does not need to be at the expense of Plaintiff's privacy. The public's interest is not burdened or otherwise impeded by protecting Plaintiff's identity.

Plaintiff is cognizant of the stigma that attaches to mental illness and legitimately concerned that others will treat her differently and make certain assumptions about her if she is given the public label of mentally impaired. *See* Exhibit A, Declaration of Plaintiff J.S. in Support of Motion to Proceed Anonymously. Due to the nature of the underlying claim, the Plaintiff's substantial privacy interest, and in order to prevent this stigmatization from occurring and adversely impacting her life, Plaintiff seeks anonymity.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant her Motion to Proceed Anonymously.

Dated: May 4, 2016

BY:/s/ Marcy LaHart
Marcy I. LaHart, Esq.
Florida Bar No. 0967009
Marcy@floridaanimallawyer.com
MARCY I. LAHART, P.A.
4804 SW 45th Street
Gainesville, Florida 32608
Telephone (352) 224-5699
*Attorney for Plaintiff J.S.*

Respectfully Submitted,

BY: /s/ Heidi M. Mehaffey
Robert N. Hartsell, Esq.
Florida Bar No. 636207
Sarah M. Hayter, Esq.
Florida Bar No. 83823
Heidi M. Mehaffey, Esq.
Florida Bar No. 118806
Robert@Hartsell-Law.com
Sarah@Hartsell-Law.com
Heidi@Hartsell-Law.com
ROBERT N. HARTSELL, P.A.
Federal Tower Building
1600 S. Federal Highway, Suite 921
Pompano Beach, Florida 33062
Telephone (954) 778-1052
*Attorneys for Plaintiff J.S.*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Defendants Playa Del Sol and Margaret Bauman have no objection to the present Motion to Proceed Anonymous. Defendant Arthur Linder does object.

BY: /s/ Heidi M. Mehaffey
Heidi M. Mehaffey, Esq.
Florida Bar No. 118806

## CERTIFICIATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF electronic mail service to this 4th day of May, 2016 to the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record listed below.

BY: /s/ Heidi M. Mehaffey
Heidi M. Mehaffey, Esq.
Florida Bar No. 118806

## SERVICE LIST

Karen Nissen, Esq.
Ashley Landrum, Esq.
Vernis & Bowling of Palm Beach, P.A.
884 U.S. Highway One
North Palm Beach, Florida 33408
Phone: (561) 775-9822
*Attorneys for Defendant Playa Del Sol*
*Attorneys for Defendant Margaret Bauman*

Nolan Klein, Esq,
Nolan Klein, P.A.
Wells Fargo Tower, Suite 1500,
1 E. Broward Blvd., Ft. Lauderdale, FL 33301
Ph: (954) 745-0588
Fax: (561) 775-9821
*Attorney for Defendant Arthur Linder*