# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-60690-CIV-COOK/TORRES

J. S.,

    Plaintiff,

vs.

PLAYA DEL SOL ASSOCIATION INC.,
MARGARET BAUMAN, and
ARTHUR LINDER,

    Defendants.

_____/

### ORDER ON PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

THIS MATTER is before the Court on the Plaintiff, J.S.'s, Motion to Proceed Anonymously, [ECF No. 22], filed May 4, 2016.

The Court, having reviewed the Motion and being fully advised in the premises, hereby **ORDERS and ADJUDGES** as follows:

Courts may permit a plaintiff to proceed under a pseudonym when highly sensitive and important privacy interests are at stake. *M.M. v. Zavaras*, 139 F.3d 798, 802-03 (10th Cir. 1998)(quoting *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)); *see also Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)("Divulging personal information of the utmost intimacy or having to admit an intent to engage in prohibited conduct are proper factors to consider when a plaintiff requests anonymity."). Many courts have recognized pseudonym use in mental health cases. *See Doe v. Colautti*, 592 F.2d 704, 705 (3rd Cir. 1979); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. Harris*, 495 F.Supp. 1161 (S.D.N.Y. 1980); *Doe v. Gallinot*, 486 F.Supp. 983 (C.D. Cal. 1979); *Doe v. New York Univ.*, 442 F.Supp. 522 (S.D.N.Y. 1978); *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006).

Courts have found that disclosing a mental illness involves matters of a highly sensitive and personal nature, which permits individuals to sue under fictitious names. *Doe v. Dechamps*, 64 F.R.D. 652, 653 (D. Mont.1974) (holding that "it is clear that a practice

has developed permitting individuals to sue under fictitious names where the issues involved are matters of a sensitive and highly personal nature."); *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006) ("There is substantial public interest in ensuring that cases like the Plaintiff's are adjudicated and the rights of mental illness sufferers are represented fairly and without risk of stigmatization.")

J.S.'s complaint is centralized on the fact that she is a disabled individual afforded protection under the Federal and Florida Fair Housing Acts. J.S. will be disclosing highly sensitive and personal information about her disabilities throughout the ensuing litigation. This Court finds that while the public may be interested in this case's issue, the use of a pseudonym will not interfere with the public's right or ability to follow the proceedings. The public interest in knowing about the nature of the lawsuit as it proceeds does not need to be at the expense of Plaintiff's privacy. The public's interest is not burdened or otherwise impeded by protecting Plaintiff's identity.

Therefore, Plaintiff's Motion to Proceed Anonymously is hereby **GRANTED**.

**DONE and ORDERED** in Chambers, Miami, Florida, this ____ day of May 2016.

						_____
						MARCIA G. COOKE
						UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*